IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOYA M. GIBSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-2059 |
| | § | |
| WAYFAIR, INC., | § | |
|     Defendant. | § | |

# **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Defendant's Motion") [Doc. # 26] filed by Defendant Wayfair, Inc. ("Wayfair"), to which Plaintiff, *pro se*, Toya M. Gibson filed a Response [Doc. # 32], and Defendant filed a Reply [Doc. # 36]. Also pending is Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") [Doc. # 29], to which Defendant filed a Response [Doc. # 30], and Plaintiff filed a "Requested, Anticipated and Finally Received Addendum" ("Addendum") [Doc. # 40]. Having reviewed the full record and applicable legal authorities, the Court **grants** Defendant's Motion and **denies** Plaintiff's Motion.

## **I.    BACKGROUND**

Plaintiff is a Christian with strong faith. She worked for Wayfair in the Texas call center for just over six months, beginning March 28, 2016, and ending when her

employment was terminated by Defendant on October 10, 2016. During that time, Plaintiff processed a high percentage of returns that involved exceptions to Wayfair's standard return policy. This included accepting returns after the expiration of the 30-day return period, and waiving applicable return shipping costs. Plaintiff, citing the Bible, Ephesians 4:32, notes in her Response to Defendant's Motion that Christians are commanded to be kind and compassionate. Plaintiff states that she attempted to follow that command by being kind to Wayfair customers, particularly the elderly customers, by accepting their merchandise returns.

Justin Brown was Wayfair's Customer Service Manager and Plaintiff's supervisor. When Plaintiff's minor daughter was not in school, Plaintiff requested permission to go home during her lunch break to check on her. In discussing her request with Brown, Plaintiff mentioned that her mother could not take care of the daughter because her mother was "mentally ill." *See* Plaintiff's Deposition, Exh. D to Defendant's Motion, p. 62. Plaintiff did not provide to Brown or anyone else at Wayfair additional information regarding her mother's mental illness. *See id.* at 65-66. Plaintiff stated that Brown allowed her to go home to check on her daughter. *See id.* at 64.

During her brief employment with Wayfair, Plaintiff was absent from work thirty-six (36) times. Wayfair's Attendance Policy is included in the "Sales & Service

Attendance" section of the "Wayfair Employee Guide: Texas Call Center Addendum," attached as Exhibit E to Defendant's Motion. Plaintiff admits that she received a copy and was aware of the Attendance Policy. *See* Plaintiff's Depo., pp. 40-41. The Attendance Policy provides for the assessment of points for various attendance infractions. An employee is assessed one Attendance Point for every "unplanned absence." *See* Attendance Policy, Exh. E to Defendant's Motion, p. 11. An "unplanned absence" is defined as "an absence (other than a Protected Absence[1]) that was neither requested nor approved" by management. *See id.* at 10. The Attendance Policy provides that any absence "with less than 48-hour notice will be considered unplanned."[2] *Id.* Attendance points are tracked on a rolling basis, and are expunged from the employee's record after twelve (12) months. *See id.* at 9. The Attendance Policy provides for potential termination when an employee is assessed ten (10) Attendance Points. *See id.* at 12.

---

[1] A "Protected Absence" under Wayfair's Attendance Policy is an absence covered by the Family Medical Leave Act, worker's compensation laws, disability and other reasonable accommodation laws.

[2] Plaintiff argues that she should not have been assessed Attendance Points for the days she was absent for dental work in October 2016 because those absences were "unforeseen." The Wayfair Attendance Policy, however, does not exclude "unforeseen" absences from its definition of "unplanned" absences for which Attendance Points are assessed. There is no evidence that Wayfair doubted Plaintiff's statements regarding her need for dental work, and Plaintiff admits that she did not give 48-hour notice of the absences.

Plaintiff admits receiving a verbal warning about her attendance in August 2016, and a written warning in September 2016. *See* Plaintiff's Depo., pp. 47-48. Due to a dental problem, Plaintiff was absent from work October 4-7, 2016.[3] On each morning, she contacted Wayfair to advise that she would be absent that day. None of the absences was with 48-hour advance notice. After Plaintiff received thirteen (13) Attendance Points, Wayfair terminated her employment on October 10, 2016. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that she was discriminated against on October 10, 2016 (the date of her termination) on the basis of her religion in violation of Title VII and on the basis of genetic information in violation of the Genetic Information Nondiscrimination Act ("GINA"). *See* EEOC Charge, Exh. 3 to Complaint [Doc. # 1]. Plaintiff stated in the EEOC Charge that she expressed her religious beliefs openly and that her manager "was aware of [her] mother's illness." *See id.*

After receiving the Notice of Rights, Plaintiff filed this lawsuit on June 30, 2017. In her Complaint, Plaintiff alleges that she was discriminated against on the basis of her religion and genetic information when Wayfair terminated her employment. *See* Complaint, p. 2.

---

[3]   In her Addendum [Doc. # 40], Plaintiff presents evidence that her dental appointment scheduled for October 7, 2016, was cancelled by the dentist and rescheduled to October 11, 2016.

The parties engaged in discovery, after which each party filed a Motion for Summary Judgment. The motions have been briefed and are now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp.*

*Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and

otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

## III. RELIGIOUS DISCRIMINATION CLAIM

Plaintiff alleges that her termination was the result of discrimination on the basis of her religion. Plaintiff is a Christian. The decision-makers, Brown and Quick, are also Christians. *See* Quick Depo., ¶ 18; Deposition of Justin Brown, Exh. L to Defendant's Motion, ¶ 10. Where the decision makers are all members of the same protected class as the discharged employee, it is less likely that unlawful discrimination on the basis of membership in that protected class was the reason for the employee's discharge. *See Kelly v. Costco Wholesale Corp.*, 632 Fed. App'x 779, 783 (5th Cir. 2015); *Donald v. Plus4 Credit Union*, 2017 WL 3235659, *9 (S.D. Tex. July 31, 2017) (Miller, J.).

Under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), Plaintiff must first establish a *prima facie* case of discrimination. *See Refaei v. McHugh*, 624 F. App'x 142, 145 (5th Cir. 2015). To establish a *prima facie* case, Plaintiff must present evidence that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Id.* (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam)). It is undisputed that Plaintiff is a Christian, that she was qualified for the call center position, and that she was discharged.

Regarding the fourth element of the *prima facie* case, there is no allegation or evidence that Plaintiff was replaced by a non-Christian. Therefore, Plaintiff must present evidence that she was treated less favorably because she is a Christian than were other similarly situated employees who were not Christians, "under nearly identical circumstances." *Id.* (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). To satisfy this burden, Plaintiff must present evidence of sufficient "comparators." *See id.* Employees are similarly situated if: (1) they had the same job or responsibilities; (2) they worked for the same supervisor or had

employment decisions made by the same person; (3) they had comparable disciplinary histories; and (4) the comparator employee's conduct was "nearly identical" but resulted in "dissimilar employment decisions." *See Lee*, 574 F.3d at 260; *see also Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017), *reh'g denied*, (Apr. 27, 2017).

In this case, Plaintiff has failed to identify any non-Christian employee at Wayfair's Texas call center who accumulated ten or more Attendance Points and was not terminated. Defendant's Senior Human Resources Manager, William Quick, has stated under oath that between April 2016 and April 2017, Wayfair terminated at least seven other employees at the Texas call center for accumulating ten or more Attendance Points. *See* Affidavit of William Quick, Exh. A to Defendant's Motion, ¶ 17.

Plaintiff asserts that she was believes she was terminated because of her high percentage of returns, for which she gave exceptions because of her Christian beliefs regarding kindness and compassion. Although the record is clear that Plaintiff was terminated for accumulating thirteen Attendance Points, the Court notes that there is no evidence of non-Christian employees at the Wayfair Texas call center with a similar percentage of returns with exceptions who were treated more favorably than Plaintiff. As a result, Plaintiff would not be able to establish a *prima facie* case of

religious discrimination if she was discharged for having a high percentage of returns that required an exception to Wayfair's standard return policy.

Plaintiff has failed to present evidence of similarly-situated non-Christians who were treated more favorably than she was treated. As a result, Plaintiff cannot establish a *prima facie* case of discrimination on the basis of her religion. Defendant is entitled to summary judgment on this claim.

## IV. <u>DISCRIMINATION CLAIM BASED ON GENETIC INFORMATION</u>

Plaintiff argues that Wayfair's decision to terminate her employment was the result of discrimination based on genetic information regarding her father's stroke and her mother's unspecified mental illness. GINA makes it illegal for an employer to terminate or otherwise discriminate against an employee because of the employee's genetic information. *See* 42 U.S.C. § 2000ff-1(a)(1). Genetic information for purposes of a GINA discrimination claim is "information about [an] individual's genetic tests, the genetic tests of family members of such individuals, and the manifestation of a disease or disorder in family members of such individual." See 42 U.S.C. § 2000ff(4)(A). GINA is intended to prohibit employers from making a "predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in [a] family member." *Poore v. Peterbilt of Bristol, LLC*, 852 F. Supp. 2d

727, 730 (W.D. Va. 2012); *Maxwell v. Verde Valley Ambulance Co. Inc.*, 2014 WL 4470512, *16 (D. Ariz. Sept. 11, 2014). A family member's diagnosis is not considered "genetic information" for purposes of GINA if "such information is taken into account only with respect to the individual in which such disease or disorder occurs and not as genetic information with respect to any other individual." *See Poore*, 852 F. Supp. 2d at 731 (quoting H.R. Rep. No. 110-28, pt. 2, at 27 (2007); Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed. Reg. 68,917 (Nov. 9, 2010)).

As an initial matter, the GINA claim regarding Plaintiff's father is unexhausted. A plaintiff must exhaust administrative remedies applicable to claims under GINA before pursuing a lawsuit raising that claim. *See Brown v. Metroplex Plumbing*, 2017 WL 6466747, *2 (N.D. Tex. Oct. 5, 2017), *report and recommendation adopted*, 2017 WL 6447201 (N.D. Tex. Dec. 18, 2017); *Goswami v. Unocal*, 2013 WL 5520107, *6 (S.D. Tex. Oct. 3, 2013); *Huff v. DRE Mgmt., Inc.*, 2012 WL 3072389, *3 (N.D. Tex. July 30, 2012); *see also Bowie v. Univ. of Md. Med. Sys.*, 2015 WL 1499465, *5 (D. Md. Mar. 31, 2015) ("GINA expressly incorporates Title VII's exhaustion requirements for employees covered by Title VII"). Here, Plaintiff in her EEOC Charge failed to allege any facts relating to her father's stroke. As a result, Defendant is entitled to summary judgment on that claim.

In connection with Plaintiff's GINA claim relating to her mother's mental illness, Plaintiff asserts that Wayfair discriminated against her based on the "manifestation of a disease or disorder" in her family member. Plaintiff has cited to no evidence that her mother was diagnosed with a specific mental disease or disorder, and Plaintiff admits that she did not advise anyone at Wayfair of a specific diagnosis. Instead, Plaintiff simply remarked that her mother was "mentally ill" and, therefore, could not take care of Plaintiff's minor daughter.

There is no evidence that Wayfair discriminated against Plaintiff because of any genetic information relating to Plaintiff or her mother, or that it used genetic information when deciding to terminate her employment. Instead, the uncontroverted evidence is that Wayfair used the very limited information regarding Plaintiff's mother only in connection with granting Plaintiff's request to go home during her lunch break to check on her minor daughter. Evidence that Plaintiff described her mother generally as "mentally ill" has no predictive value with respect to Plaintiff's genetic propensity to acquire a specific mental illness, and there is no evidence that Wayfair viewed it as such. *See, e.g., Poore*, 852 F. Supp. 2d at 731. As a result, Defendant is entitled to summary judgment on Plaintiff's GINA claim.[4]

---

[4] In her Response to Defendant's Motion and in her Motion for Summary Judgment, Plaintiff complains that she was harassed when she was not initially permitted to leave
(continued...)

## V. CONCLUSION AND ORDER

Plaintiff has failed to present evidence that establishes a *prima facie* case of religious discrimination. Plaintiff failed to exhaust her administrative remedies regarding her GINA claim (whether based on discrimination or harassment) related to her father's stroke. Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her GINA claim related to her mother's unspecified mental illness. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 29] is **DENIED**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 26] is **GRANTED**. The Court will issue a separate Final Judgment.

**SIGNED** at Houston, Texas, this **27th** day of **June, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] (...continued)
work early after she learned of her father's stroke. Plaintiff did not assert a harassment claim under GINA in her EEOC Charge, in which she identified the "date(s) discrimination took place" as "10-10-16." Moreover, Plaintiff did not assert a GINA harassment claim in her Complaint in this lawsuit.